Filed 5/4/21  P. v. Spellman CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH ROBERT SPELLMAN,<br><br>    Defendant and Appellant. | G059455<br><br>(Super. Ct. No. 18WF0575)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On January 30, 2019, appellant Joseph Robert Spellman pleaded guilty to kidnapping (Pen. Code, § 207, subd. (a): all statutory citations are to the Penal Code), two counts of false imprisonment by menace (§§ 236, 237, (subd. (a)), three counts of assault with a deadly weapon (§ 245, subd. (a)(1)), assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)), and vehicle theft. Spellman admitted he inflicted great bodily injury on the victim. (§ 12022.7, subd. (a).) Spellman also admitted he had been sentenced to four prior prison terms and had been convicted of a strike offense. (§ 667, subd. (a)(1).)

The trial court sentenced Spellman to 12 years in state prison by imposing the five-year mid-term on the kidnapping count, doubling it to 10 years for the strike prior, and adding a consecutive two-year term on the assault with a deadly weapon count. All other counts were either stayed under section 654 or imposed concurrently.

Spellman in 2020 filed three successive petitions for a new sentencing hearing under section 1170.91, which requires trial courts to consider service-related trauma, substance abuse, and mental health problems as mitigating factors weighing in favor of a low-term sentence. Subsection (b)(1)(B) of the statute limited its scope to persons sentenced before January 1, 2015. On July 21, 2020, the trial court concluded Spellman was ineligible for resentencing under section 1170.91 because he was sentenced after January, 1, 2015.

We appointed counsel to represent Spellman on appeal. Counsel filed a brief summarizing the facts underlying the crimes and the procedural history of the case. Counsel did not argue against his client, but advised us there were no issues to raise on Spellman's behalf. Counsel asked us to review the record to determine whether there were any arguable issues to raise on Spellman's behalf, per the procedures outline in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel advised Spellman he was filing a brief under *Wende*, and that Spellman could file a supplemental brief on his own

behalf raising any issues he believed worthy of consideration. Spellman exercised his right to file a supplemental brief, which we discuss below.

Spellman contends the trial court erred in denying his petition to recall his sentence under section 1170.91. Spellman relies on *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234 (*Bonilla-Bray*) to support his argument he was eligible for resentencing under the statute. The appellate court in *Bonilla-Bray* reversed the trial court's summary rejection of the appellant's petition under section 1170.91 because it failed to hold a hearing for a petitioner who was sentenced in August 2011. (*Id*. at p. 237.) *Bonilla-Bray* does not aid Spellman, who was sentenced in 2019.

In *People v. Valliant* (2020) 55 Cal.App.4th 903 (*Valliant*) we explained why the statute could not be interpreted to apply to veterans sentenced after January 1, 2015. To interpret section 1170.91 to apply to cases whether or not final as of January 1, 2015, "would not only include every case involving a person who was sentenced before January 1, 2015 . . . it would extend to all cases ever decided in California. Ever. If such sweeping coverage was the Legislature's aim, it could have more easily achieved its goal by eliminating any timing limitations on the court's sentencing authority – including the limitation set forth in the first sentence of subdivision (b)(1)(B)." (*Id*. at p. 909.) We also pointed out expanding the scope of section 1170.91 to cover cases after January 1, 2015 "would render the first sentence surplusage" and would be inconsistent with the actual words used. (*Ibid*.) Spellman's remedy lies with the Legislature. Indeed, we invited the Legislature to revisit the issue.

Finally, Spellman contends the trial court erred in failing to hold a public hearing, as required by section 1170.91, subdivision (b)(1)(B)(3). Assuming a hearing was required, an issue we do not decide, Spellman suffered no prejudice because he was sentenced after January 1, 2015, and therefore he clearly was not entitled to relief under section 1170.91.

We have reviewed the record and found no other arguable issues.

3

The judgment is affirmed.

ARONSON, J.

WE CONCUR:

MOORE, ACTING P. J.

GOETHALS, J.